ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KENDRA DUKES, on behalf of E.D., | ) | CASE NO. 1:06CV2777 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHAEL J. ASTRUE, | ) | AND ORDER RE: AFFIRMING |
| COMMISSIONER OF SOCIAL | ) | COMMISSIONER'S DECISION |
| SECURITY, | ) | [RESOLVING DOC. 18] |
| | ) | |
| Defendant. | ) | |

The Social Security Administration denied the Plaintiff's application for child's Supplemental Security Income payments to her son, referred to here as E.D.[1] As the record indicates, E.D. has an attention deficit hyperactivity disorder, a disruptive behavior disorder not otherwise specified with obsessive compulsive features, and an oppositional defiant disorder. Tr. 21. Plaintiff sought judicial review of the Commissioner's decision, and this Court referred the case to Magistrate Judge George J. Limbert for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the Magistrate Judge submitted a Report and Recommendation (Doc.17) recommending that the Commissioner's decision be reversed and the case be remanded for further consideration in the domains of attending and completing tasks, interacting and relating with others, and caring for yourself.

---

[1]Pursuant to Local Rule 8.1(a)(2).

I

When the Magistrate Judge submits a Report, this Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supported the Commissioner's decision. This Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge ("ALJ"). *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining

2

whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation omitted). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). An ALJ must proceed through the required sequential steps for evaluating entitlement to childhood disability insurance benefits. 20 C.F.R. § 416.924(a). The three-step procedure requires the ALJ to determine whether a child: (1) is performing substantial gainful activity; (2) has a "severe" impairment or combination of impairments; and (3) whether the impairment or combination of impairments are of listing-level severity in that the impairment(s) either meets, medically equals or are the functional equivalent in severity to a listed impairment. *Id.*

In order to *meet* a Listing, the child's impairment(s) must be substantiated by medical findings shown or described in the listing for that particular impairment. 20 C.F.R. § 416.925(d) (emphasis added). In order to *medically equal* a Listing, a child's impairment(s) must be substantiated by medical findings at least equal in severity and duration to those shown or described in the listing for that particular impairment. 20 C.F.R. § 416.926(a) (emphasis added).

3

In order to *functionally equal* a Listing, the child's impairment(s) must be of listing-level severity; *i.e.*, it must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(a) (emphasis added).  The Social Security Administration considers how a child functions in his activities within six domains: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being."  20 C.F.R. § 416.926a(b)(1)(i)-(vi).

## II

The Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo*.  The Court has also considered Defendant's Objections to the Report and Recommendation (Doc. 18) and Plaintiff's Brief in Opposition (Doc. 19).  The Court agrees with the Magistrate Judge that the administrative record contains substantial evidence to support the conclusion that E.D. suffered less than marked limitations or no limitations in the domains of acquiring and using information, moving about and manipulating objects, and health and physical well-being.  The Court, however, does not agree that the instant case should be remanded for the ALJ to reevaluate and further explain his findings relating to E.D.'s degree of limitation, if any, in the domains of attending and completing tasks, interacting and relating with others, and the emotional component of caring for yourself.

*A.  Domain of Attending and Completing Tasks*

In regard to the domain of attending and completing tasks, the Commissioner objects to the Magistrate Judge's recommendation that the case be remanded for consideration of evidence not before the ALJ.  When making his findings, the Magistrate Judge considered Dr. Thomas

Eppright's December 2005 clinical notes that stated E.D. was still hyperactive and his medication was not helpful. Tr. 8, 235-62. These clinical notes are in direct contradiction with the ALJ's conclusion that E.D. was improving in this domain as long as he was on his medication. This new evidence was only submitted to the Appeals Council and, therefore, was not before the ALJ at the time he had made his decision. In his brief on the merits (Doc. 16), the Commissioner mistakenly referred to this evidence in his statement of facts and argument (*id.* at 9-11, referring to Tr. 235-62; Tr. 15, referring to Tr. 255; Tr. 18, referring to Tr. 255), which likely led to the Magistrate Judge's consideration of it. Evidence first submitted to the Appeals Council, however, cannot be used in the substantial evidence review of an ALJ's decision. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2003).

Also in this domain, the Commissioner objects to the Magistrate Judge's recommendation to remand to the ALJ for further articulation of his findings. The "ALJ may not select and discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Lowery v. Comm'r.* 55 Fed. Appx. 333, 339 (6th Cir. 2003) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

As noted above, the ALJ's main finding in the domain of attending and completing tasks is that E.D. was improving while on medication. The ALJ cited Dr. Eppright's clinical "Impressions" that stated E.D. was making "reasonable progress" and "doing well." Tr. at 23. Also, the ALJ cited observations by E.D.'s aunt that E.D. was doing better at staying on task when on his medication. *Id.* The Commissioner contends that the Court cannot review the ALJ's

5

credibility determinations or the amount of weight the ALJ assigns to this evidence. Therefore, the Commissioner states the Magistrate Judge erred in discounting the weight of Dr. Eppright's clinical "Impressions." The Court finds that these clinical notes are substantial evidence to support the ALJ's conclusion that E.D. was improving while on medication during the 2004-2005 school year. Therefore, in the domain of attending and completing tasks, the Court finds that the administrative record contains substantial evidence to support the conclusion that E.D. suffered less than marked limitations in the domain of attending and completing tasks. Given the evidence before the ALJ, the Court concludes that a reasonable basis exists for the ALJ's finding that medication improved E.D.'s performance in this domain.

*B. Domain of Interacting and Relating With Others*

The Court finds that E.D. suffered less than marked limitations in this domain. As noted above, the general rule is that the ALJ must articulate a minimum analysis of the evidence. *Lowery*, 55 Fed.Appx. at 339. The ALJ did not discuss Dr. David House's conclusion that E.D.'s seriously reduced social skills resulted in a Global Assessment of Functioning score of 49. Tr. 127. Also, the ALJ did not discuss Dr. House's conclusion that E.D.'s social skills were below the 5th percentile. *Id.* at 126. The Commissioner contends that the ALJ disregarded this evidence because the findings were based on inconsistent statements by E.D.'s mother. Given the other evidence in the record, the Court finds that the ALJ reasonably declined to accept the opinion of Dr. House with respect to E.D.'s social skills.

The ALJ also did not discuss E.D.'s 2004-2005 report card, which showed grades of "unsatisfactory" and "needs improvement" in respecting the rights and property of others and works, shares, and plays with others cooperatively. *Id.* at 122. The Commissioner contends that

the lack of discussion of the above evidence does not necessitate remand in light of the ALJ's discussion of other evidence. In his decision, the ALJ stated that he would give greater weight to E.D.'s teachers, who had daily contact with E.D. *Id.* at 23. In support of his position, the ALJ cited a teacher that knew E.D. for two weeks. *Id.* The teacher reported that E.D. did not have a marked limitation in this domain. *Id.* The ALJ also cited counseling records that stated E.D. was helpful in class. *Id.* The Court finds that this evidence meets the substantial evidence threshold.

*C. Domain of Caring for Yourself*

In regard to the domain of caring for yourself, the Magistrate Judge recommends that the Court remand for further analysis and explanation of the emotional component in this domain. E.D. was eight years old at the time of the ALJ's decision. For this domain, the ALJ stated the following in his decision:

> In this domain, the child has no limitations. In July 2003 and February 2004, the child's mother reported no difficulties in this area. (Exhibit 1E). In September 2003, the claimant's mother reported that he helps with household chores; he takes out the garbage, helps clean the bathroom, and cleans his bedroom with reminders. (Exhibits 4E, 7E).

Tr. at 24.

The Commissioner objects to the Magistrate Judge's conclusion that the ALJ was incorrect for using the age group three-to-six instead of the age group six-to-twelve in his decision making process and, therefore, ignoring the emotional component of this domain. During the course of this case, E.D.'s age spanned these two age groups, as he was ages five-to-eight. Tr. 48. Section 416.926a, 20 C.F.R., provides age descriptors for each domain, which are used to provide examples of activities that a typical child would be able to perform.

The three-to-six age descriptor for this domain states the following:

> (iii) *Preschool children (age 3 to attainment of age 6).* You should want to take care of many of your physical needs by yourself (e.g., putting on your shoes, getting a snack), and also want to try doing some things that you cannot do fully (e.g., tying your shoes, climbing on a chair to reach something up high, taking a bath). Early in this age range, it may be easy for you to agree to do what your caregiver asks. Later, that may be difficult for you because you want to do things your way or not at all. These changes usually mean that you are more confident about your ideas and what you are able to do. You should also begin to understand how to control behaviors that are not good for you (e.g., crossing the street without an adult).

20 C.F.R. § 416.926a(k)(2)(iii). The six-to-twelve age descriptor for this domain states the following:

> (iv) *School-age children (age 6 to attainment of age 12).* You should be independent in most day-to-day activities (e.g., dressing yourself, bathing yourself), although you may still need to be reminded sometimes to do these routinely. You should begin to recognize that you are competent in doing some activities and that you have difficulty with others. You should be able to identify those circumstances when you feel good about yourself and when you feel bad. You should begin to develop understanding of what is right and wrong, and what is acceptable and unacceptable behavior. You should begin to demonstrate consistent control over your behavior, and you should be able to avoid behaviors that are unsafe or otherwise not good for you. You should begin to imitate more of the behavior of adults you know.

20 C.F.R. § 416.926a(k)(2)(iv). The three-to-six age descriptor only states the physical abilities of the child. The six-to-twelve age descriptor states both the physical abilities and the emotional abilities of the child.

The Commissioner argues that since E.D. spanned the two age groups of three-to-six and six-to-twelve, it was reasonable for the ALJ to only discuss the physical abilities of E.D. because the regulation under the three-to-six age group only describes physical abilities. 20 C.F.R.

§ 416.924b(a)(2)(i) states:

> If the listing appropriate for evaluating your impairment is divided into specific age categories, we will evaluate your impairment according to your age when we decide whether your impairment meets that listing.

The Commissioner further contends that, even if the emotional component of this domain should have been discussed, the ALJ produced substantial evidence that E.D. was improving in this domain while on medication. The Commissioner points to the analysis under the health and physical well-being domain for the proper explanation. Under this section, the ALJ stated the following: "The medical records show no side effects from Ritalin, which in fact improves the child's ability to function, and his impairments do not result in episodic exacerbations." Tr.25.

Furthermore, the state agency physicians opined no limitations in this domain, with one psychologist highlighting the physical implications, writing "no problems with hygiene per teacher" Tr. 199, 139. In any event, the ALJ's decision, particularly his review of the evidence (Tr. 17-20) and comments in the final domain of health and physical well-being (Tr. 25), shows that he considered E.D.'s aggression and hyperactivity (attributes discussed by the Magistrate Judge at pages 25-26 of the Report and Recommendation), but ultimately determined that he was not functionally disabled because the record showed that medication, when taken properly, improved his condition. Tr. 25. In this last functional domain, the ALJ noted also that E.D. experienced changes in school and home, including changing schools three times in the past year (Tr. 25, referring to Tr. 280-81) and living with his aunt instead of his mother for a period of time (Tr. 25, referring to Tr. 227), that impacted his behavior, particular in the last months of the applicable period. Given the record as a whole, the Court finds that the ALJ reasonably determined that E.D. would continue to improve with the proper treatment for his condition.

Therefore, the Court finds that the administrative record contains substantial evidence to support the findings of the ALJ regarding the emotional component of caring for yourself.

III

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which an objection has been made.  The Commissioner's decision shows that the ALJ grappled with the evidence of record and that a reasonable basis existed for his findings.  This Court finds that there was substantial evidence to support the Commissioner's ultimate determination that Plaintiff's child was not entitled to Supplemental Security Income payments.  Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

 March 31, 2009    /s/ John R. Adams
Date     John R. Adams
     U.S. District Judge